UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES ANTHONY,

    Plaintiff,

v.                                            Case No.  5:18-cv-255-MCR/MJF

WILLIAM CHURCHWELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before this court is the Plaintiff's Complaint (Doc. 1), and his motion to proceed *in forma pauperis*.[1] (Doc. 2). Plaintiff James Anthony, an inmate of the Florida Department of Corrections ("FDOC"), alleges violations of his Eighth Amendment right to be free of cruel and unusual punishments. Specifically, he claims that he was subjected to excessive force at the hands of FDOC employees, and that FDOC employees were deliberately indifference to his serious medical needs. (Doc. 1 at 6-14). Because the Plaintiff had accrued three "strikes" prior to the filing of this action, the undersigned recommends that this case be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Introduction

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the courts with meritless claims, Congress enacted the Prison Litigation Reform Act (PLRA)." *Id.*; *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) (noting that the PLRA was enacted in "an effort to stem the flood of prisoner lawsuits in federal court"); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception."). Failure to pay the filing fee warrants dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit).

## II.   Plaintiff's History of Federal Litigation

In addition to the case at bar, the Plaintiff has filed at least three actions in the Northern District of Florida, and numerous other actions in the Middle District of Florida. Courts dismissed the following cases, which had been filed by the Plaintiff:[2]

---

[2] This list does not include all of the Plaintiff's cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which

- *Anthony v. Sanchez, et al.*, 5:14-cv-274-WS-GRJ (N.D. Fla. Feb. 26, 2015) (dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g) because Plaintiff had accrued three strikes).

- *Anthony v. Stoic et. al.*, 5:15-cv-226-MP-GRJ (N.D. Fla. June 7, 2016) (dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g) because Plaintiff had accrued three strikes).

- *Anthony v. St. Petersburg Police Dep't.*, 8:93-cv-649-JDW (M.D. Fla. Aug. 30, 2001) (dismissing Plaintiff's complaint as barred as a matter of law in light of *Heck v. Humphrey*, 512 U.S. 477 (1994)).

- *Capers, et al. v. United States, et al.*, 8:94-cv-1168-RWN (M.D. Fla. Aug. 18, 1994) (dismissing Plaintiff's complaint as frivolous pursuant to § 1915).

Each of these cases qualifies as a "strike" for purposes of § 1915(g), and each was dismissed prior to November 19, 2018, the date Plaintiff filed the instant case. (Doc. 1). Therefore, Plaintiff is precluded from litigating this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ciarpaglini*, 352 F.3d at 329.

## III.  Discussion

### A.  The "Imminent Danger of Serious Physical Injury" Exception

As noted above, there is a narrow exception to the rule precluding a litigant with "three strikes" from proceeding *in forma pauperis*; namely, when a prisoner is

---

relief may be granted. This abbreviated list simply demonstrates—as the Plaintiff himself concedes (*see* Doc. 1 at 2)—that he had accrued three strikes prior to filing the current action.

"under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege that the plaintiff is in "imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. A mere conclusory assertion of imminent danger is insufficient, however. *See Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin,* 319 F.3d at 1050. The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).

A claim by a prisoner that he previously faced an imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

### B. Plaintiff's Allegations of Imminent Danger

Construed liberally, Plaintiff's amended complaint lacks an allegation that he is in imminent danger of serious physical injury. (Doc. 1). Plaintiff alleges that, in May and June of 2014, he was subjected to excessive use of force by multiple officers at the Northwest Florida Reception Center. (*id.* at 6-9). As a result of the use of excessive force, Plaintiff asserts that he suffered severe injuries including a possible compress fracture in his neck. (*id.* at 11). Notably, Plaintiff has not been housed at the Northwest Florida Reception Center since 2014.

Plaintiff further alleges he is suffering continuing pain and weakness in one of his wrists, and worsening headaches and "equilibrium imbalance," all of which he attributes to the use of force in 2014. (Doc. 1 at 11-12). Plaintiff believes that the headaches and imbalance are caused by a neck injury, and claims he is in imminent

danger of serious physical injury if medical providers at Tomoka Correctional Institution do not refer him for a CAT scan of his neck. (*id.* at 12). Plaintiff states he received an x-ray of his neck three years ago (when he was at Gulf Correctional Institution), after he complained of numbness in his hands and feet, and he alleges the x-ray indicated "a possible compression fracture at C5, C6 or C7." (*id.* at 11). Plaintiff states at that time, the medical staff recommended a cat scan to rule out a neck fracture. But Plaintiff admits he refused to go to the medical facility where CAT scans are administered (the Reception and Medical Center in Lake Butler) because the trip would require him to pass through the Northwest Florida Reception Center, where the alleged use of force occurred in 2014. (*id.* at 10).

Plaintiff does not allege that any medical provider has attributed his current symptoms (*i.e.*, headaches and imbalance) to a neck injury; instead, he states it is his personal belief that they are causally related (*id.* at 12). Further, Plaintiff does not allege that he is suffering from the symptoms which originally caused medical staff to order diagnostic testing of his neck (*i.e.*, numbness in his hands and feet). Therefore, Plaintiff's allegations of headaches and imbalance do not suggest he is suffering ongoing serious physical injury, or that there was a likelihood of imminent serious physical injury, as a result of any Defendant's conduct.

With respect to the alleged pain and weakness in his wrist, Plaintiff admits he has been suffering these symptoms for over three years. Further, he admits that the

medical staff at his current institution (Tomoka Correctional Institution ) ordered an x-ray of the wrist, and the results indicated it was not broken. As with Plaintiff's other complaints, his allegations of pain and weakness in his wrist fail to suggest an ongoing serious physical injury, or that there is a likelihood of imminent serious physical injury as a result of any conduct by the Defendants.

Accordingly, Plaintiff is not entitled to proceed *in forma pauperis* based on his multiple "strikes" and his failure to establish that he is in imminent danger of serious physical injury. In light of this, and because he has not paid the $400.00 filing fee, this action should be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236.

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. The Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.
2. This case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee.
3. The Clerk of the Court be directed to close the case file.

In Pensacola, Florida, this <u>20th</u> day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.